CAMAC (BUSHBY v.). See Case No. 2,226.

CAMAC (FAIRCHILD v.). See Case No. 4,610.

## Case No. 2,329.

### CAMAC et ux. v. FRANCIS.

[3 Wash. C. C. 108.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

COMMISSIONER'S REPORT ON ACCOUNTING—HEARING ON EXCEPTIONS—NEW EVIDENCE.

It is no reason, for referring accounts back to the commissioner, who made the report, that

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

one of the parties suggests, that since it was made, he has obtained evidence in support of his exceptions; and that he expects he will be able to discover new debts and credits, not now known to him. The new evidence may be read, when the exceptions are argued.

[See Union Sugar Refinery v. Matthiesson. Case No. 14,398; Magic Ruffle Co. v. Elm City Co., Id. 8,950.]

On motion of the plaintiff, the court referred the accounts back to the auditor, so far only, as to report such further credits, as either party may prove himself entitled to, and which the other, on notice of it, refuses to allow. But the court refused to refer the accounts generally, because of the suggestion, that the plaintiff had, since the last court, obtained documents and evidence in support of his exceptions; and that he expected it would be in his power to discover new credits, not now known to him. As to the new evidence, in relation to exceptions which the court has not yet decided upon, that can be received by the court, without a reference to the auditor; and as to the additional credits, which the plaintiff only conjectures it may be in his power to discover, this affords no reason for the reference. Order made accordingly.